<mark>FILED</mark>
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
December 02, 1999 13:36



CLERK

# US District Court
# District of New Mexico
# Digital File Stamp

| Case: | 99cv00722 | CR97-638 X |
|---|---|---|
| Title: | Petties v. USA | |
| Document Type: | Recommended Finding | |
| Document Number: | 9 | |
| Description: | RECOMMENDED FINDING by Chief Magistrate William Deaton that Petitioner's Motion to Vacate, Set Aside or Correct Sentence be denied and this cause dismissed with prejudice | |
| Total Pages: | 11 | |
| Exhibits/Attachment: | 0 | |
| Court Signature: | 92 6d 0d f3 9c f5 68 7d 12 40 2e 08 f2 8d 13 c2 50 d5 5f b6 13 da a9 51 5b 71 02 9a 53 3a 73 bd 2a 7c 75 37 5e a4 c8 ff 76 49 e7 df af 10 2d ca d7 fa cc e1 c8 04 a5 ce 36 fa 5d c4 0c cf ba 55 | |

This document constitutes an official stamp of the Court and, if attached to the document identified above, serves as an endorsed copy of the pleading. It may be used in lieu of the Court's mechanical file stamp for the named document only, and misuse will be treated the same as misuse of the Court's official mechanical file stamp. The Court's digital signature is a verifiable mathematical computation unique to the filed document and the Court's private encryption key. This signature assures that any change can be detected.



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.
                                              Civil No. 99-722 JC/WWD
                                              Crim. No. 97-638-02 JC

KEVIN PETTIES,
    Defendant/Petitioner.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

1. THIS MATTER comes before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed June 28, 1999. Petitioner is incarcerated and is proceeding *pro se*. Petties was involved in a complicated drug conspiracy in which cocaine was purchased from a source in Odessa, Texas, and transported to Hobbs, New Mexico where it was converted to crack cocaine and sold for a profit.

2. Petitioner pled guilty to Count One of an 18-Count Indictment, viz., conspiracy to possess with intent to distribute and to distribute fifty (50) grams and more of a substance containing cocaine base, "crack" within 100 feet of the real property of a school. The Indictment involved eleven other defendants. Petties was sentenced to a 210 month term of imprisonment.

3. Petties alleges the following grounds:

(1) Whether defense counsel's constitutionally ineffective performance establishes cause for failure to take an appeal;

(2) Whether Petitioner can be held accountable in his guilty plea to conspiracy for all drug transactions that he was not aware of;

(3) Whether the evidence was sufficient to sustain a finding for sentencing enhancement purposes that Petitioner was an organizer, leader, manager or supervisor in the criminal activity;

(4) Whether the Government was required to prove that the substance involved in the drug offense was crack cocaine, as opposed to powder cocaine, in order to support sentencing applicable to that quantity of crack cocaine; and

(5) Whether the attorney for the Government was able to use a prior conviction that had not become final, to enhance the [Petitioner] five extra points according to §4A1.1(a) and (b).

4. Before turning to the merits of the petition, I address a jurisdictional matter raised by Respondent. The Government's contention is that Petties has waived his right to challenge his sentence in a collateral proceeding brought under § 2255. Some circuits have rejected a petitioner's efforts to challenge a sentence disguised as a § 2255 motion where the claims are actually "garden-variety" attacks on the sentence itself, but allow challenges based on the voluntariness of the plea or the waiver agreement, or where the sentence exceeds the statutory maximum. See e.g., U.S. v. Joiner, 1999 WL 446876, *8-9 (7th Cir. 1999), cited in Jones v. United States, 167 F.3d 1142, 1144-45 (7th Cir. 1999); U.S. v. Watson, 165 F.3d 486, 488-89 (6th Cir. 1999).

5. Because the Tenth Circuit has declined to reach the waiver issue in U.S. v. Vasquez, 1999 WL 795266, *1 (10th Cir.(N.M.)), I make no findings on the jurisdictional question raised by Respondent, nor are findings necessary in this case. First, I find no express waiver of § 2255 motions within the plea agreement. See Resp., Ex. A; cmp., United States v. Pruitt, 32 F.3d 431, *433 (9th Cir. 1994)(holding that only a direct appeal had been bargained away by petitioner where plea bargain did not expressly waive the right to bring a § 2255 motion).

2

6. The jurisdictional question regarding waiver of § 2255 motions is not critical here because the claims fail on their merits, even if they were all framed as ineffective assistance claims. However, in addressing Petitioner's claims, I follow the general rule adopted by the Tenth Circuit: that collateral attacks concerning guilty pleas are prohibited and that claims raised in a § 2255 motion are limited to challenging whether the underlying plea was both counseled and voluntary. See Tollett v. Henderson, 411 U.S. 258 (1973); Osborn v. Shillinger, 997 F.2d 1324, 1327 (10th Cir. 1993).

**First Claim**

7. Plaintiff first contends that defense counsel's constitutionally ineffective performance establishes cause for failure to take an appeal. To establish that counsel rendered ineffective assistance in contravention of the Sixth Amendment, Petties must show that: (1) his counsel's performance was constitutionally deficient, and (2) he was prejudiced by such deficient performance such that he can show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Strickland v. Washington, 466 U.S. 668, 687 (1984).

8. "A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). Petties was made specifically aware of the waiver of his rights to appeal both at the plea hearing before Magistrate Judge Smith, Supp. Resp., Ex. 1 at 13-14, and at the sentencing hearing before Chief Judge Conway, Supp. Resp., Ex. 2 at 7. He also understood that the minimum

mandatory sentence was 120 months and agreed to a waiver of appeal for any sentence of 20 years or less Resp., Ex. A at 3, 6 (plea agreement).[1]

9. Petties was aware that the sentencing judge would have sole discretion of determining the sentence within the guideline range. Supp. Resp. Ex. 1 at 14. In open court, he stated that he was entering into the plea voluntarily. Supp. Resp., Ex. 1 at 14-15. "Solemn declarations in open court carry a strong presumption of verity." Worthen v. Meachum, 842 F.2d 1179, 1185 (10th Cir. 1988) overruled on other grounds, Coleman v. Thompson, 501 U.S. 722 (1991)(quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Petitioner cannot now recant the voluntariness and intelligence of his plea unless he can show that deficient assistance of counsel played a part in his acceptance of the plea agreement. Worthen at 1184.

10. There is generally no duty to advise of the right to appeal a conviction after a guilty plea. Laycock v. State of New Mexico, 880 F.2d 1184, 1188 (10th Cir. 1989) (citing Marrow v. United States, 772, F.2d 525 (9th Cir. 1985). Failure to notify the defendant of this limited right is not in itself ineffective assistance. Id. Here, Petitioner cannot demonstrate ineffective assistance based on failure to appeal his sentence when Petties agreed to forego appeal of his sentence (except within narrow circumstances which were set out in the plea agreement and which do not apply here) and because he does not allege, nor is there any evidence to suggest, that the plea was involuntary. Relief on this ground should be denied.

**Second Claim**

---

[1] According to the language of the plea agreement, Petties waived the right to withdraw the plea "if the applicable guideline range is higher than expected or if the Court departs from the applicable guideline range." The agreement stated that the sentencing guidelines were applicable, but that the range could not be determined until a presentence investigation was completed and the Court ruled on the results of that investigation. Resp., Ex. A at 3.

11. Petitioner challenges the base offense level for the amount of drugs in the conviction ("at least 150 but less than 500 grams"), stating that he was not aware of all the drug transactions and thus should not be held accountable for them.

12. As with the first alleged ground, I find that Petitioner has waived this issue as it does not concern whether the plea was knowing and voluntary, which is one of the few avenues he may pursue in a collateral proceeding after pleading guilty. See Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir.), cert. den., 115 S.Ct. 2591 (1995), citing Mabry v. Johnson, 467 U.S. 504, 508-09 (1984) (Once a defendant has pled guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary).

13. Chief Judge Conway adopted the findings in the Presentence Report of an offense level of 34 and a criminal history category of 4 (for which the guideline imprisonment range is 210 to 262 months). Supp.Resp., Ex. 2 at 6; Resp. Ex. E; PSR at 13-14. Petties stipulated to the amount of drugs included in the conviction as part of the plea agreement, Resp., Ex. A at 4-5, but now seeks to avoid the consequences of the stipulations without alleging, much less presenting any evidence of, an unknowing or involuntary plea. Defense counsel did not object to that part of the Presentence Report which incorporated the stipulated amount of drugs[2] nor does Petitioner allege that counsel was ineffective for failing to object to this part of the Presentence Report.

---

[2] Defense counsel did object to the downward departure based on the adequacy of Petties' criminal history and on so-called "sentencing manipulations" regarding the proximity of the drug transactions to a school. Resp. Exs. C & D. Counsel later withdrew the motions after further discussion with the prosecution convinced him that the motions had no merit. The sentencing judge, Chief Judge Conway, agreed that the Government would have prevailed on those motions. Supp.Resp., Ex. 2 at 3.

14. Even on a substantive level, Petties' claim fails because the sentencing court could hold Petties accountable for drugs other than the drugs which he personally distributed. Where a defendant participates in a drug conspiracy, the sentencing court must aggregate "the quantities of drugs that were a part of the same course of conduct or common scheme as the offense of conviction." United States v. Deninno, 29 F.3d 572, 578 (10th Cir.1994). In arriving at the appropriate quantity, the court may look beyond the charges alleged in the indictment. Id. The court may also rely on drug quantity estimates, so long as those estimates have some basis in the facts of the case. Id.

15. In this case, the abundance of discovery evidence shows that the 150 grams of cocaine stipulated to was a conservative amount. In the underlying offense, nearly one-half kilograms of "crack" cocaine were seized or purchased, and over the life of the drug conspiracy, the amount racked up to a total of almost 7 kilograms, see Supp.Resp., Ex. 1, at 16-20; PSR,¶ 67 (referring to Petitioner's statements about "distributing crack cocaine over the past couple of years").[3] Therefore, relief should be denied on this ground as well.

**Third Claim**

16. Petitioner next challenges the sufficiency of the evidence to sustain a finding for sentencing enhancement purposes that Petitioner was an organizer, leader, manager or supervisor in the criminal activity.

---

[3] In light of all this evidence, a claim based on a theory of ineffective assistance of counsel would fail. Petitioner would be unable to demonstrate prejudice from any error (even assuming a deficiency in counsel's conduct) arising from a failure to object to the amount of drugs included in the Presentence Report as part of the underlying offense to which Petties pled. Defendant has not established any error in the presentence report to which his attorney should have objected, nor has he shown a reasonable probability that he would have gone to trial instead of entering a plea of guilty.

6

17. I find that this claim is also waived as a result of entering into a guilty plea which was clearly voluntary and knowing. Petties stipulated to his role as organizer and leader under the plea agreement. Resp., Ex. A, ¶ 7b. His aggravated role as an organizer and leader was also included in ¶ 71 of the Presentence Report, to which there were no objections, and which made Petties liable for a two level enhancement under § 3B1.1(c). As the Government correctly points out, even if the jurisdictional bar did not apply to this claim, it would still fail, since he would have received a *three* level increase under § 3B1.1(b) because the conspiracy involved five or more participants.

18. Discovery in this case includes, but is not limited to, over 200 cassette tapes of almost 5,000 recorded telephone calls related to the conspiracy in which Petties was involved and for which the Government used a confidential source. Petties' supervisory role is abundantly clear from the sample of discovery documents Respondent has submitted.[4]

19. For example, a transcript of a recorded conversation between the confidential source and Petties and two other defendants shows that it was Petties who took charge of negotiating the amount of the transaction and how long it would take. Resp., Ex. J. Another transcript shows Petties directing people to stay put following a drive-by shooting which resulted in a murder of one of the conspiracy members. Resp., Ex. K.[5] Transcripts of other intercepted calls offer proof

---

[4] Similar to the previous ground alleged, a claim of ineffective assistance would fail on this ground as well as based on the overwhelming evidence the prosecution had concerning Petties' aggravated role in the underlying conspiracy. As Respondent also notes, enhancement for leadership role under § 3B1.1(b) requires only that five or more persons participated and that a defendant exercised leadership over at least one person in the conspiracy. U.S. v. Cruz Camacho, 137 F.3d 1220, 1224 (10th Cir. 1998).

[5] The transcript itself as submitted provides no information of the situation except to show the statement that "Kevin [Petties] doesn't want anyone to go anywhere, stay there."

7

that Petties directed and supervised others involved in the conspiracy on negotiations of drug transactions and on delivery of money connected to the deals. Exs. L, M. For the above reasons, relief on this ground should be denied.

**Fourth Claim**

20. Petitioner claims that the Government was required to prove that the substance involved in the drug offense was crack cocaine, as opposed to powder cocaine, in order to support sentencing applicable to that quantity of crack cocaine. For purposes of calculating a defendant's base offense level, the Sentencing Guidelines equate one gram of crack to 100 grams of powder cocaine. See U.S.S.G. § 2D1.1(c) (Drug Quantity Tables).

21. I find that this claim, like the others, is waived based on a voluntary plea which precludes Petitioner from challenging the stipulations in the plea agreement and any sentence of twenty years or less. Petties stipulated to being accountable for "at least 150 but less than 500 grams" of "crack." Resp., Ex. A, ¶ 7a. The Presentence Report refers to a written statement made by Petitioner through his attorney in which he admitted to "distributing crack cocaine over the past couple of years." PSR, ¶ 67. The PSR contains other references to the distributing of "crack" cocaine involving Petties and to which no objection was made. PSR at 7. At the sentencing hearing, Petties stated that he had reviewed the Presentence Report and that he understood it. Supp.Resp., Ex. 2 at 1.

22. Further, copies of the laboratory analysis submitted with the Response dispel any notion that Petitioner could have had any chance of challenging the type or quantity of drugs purchased. Resp., Ex. N. At the plea hearing, the Government presented proof for trial which included specific references to the distribution of "crack" cocaine and to these lab reports

8

analyzing the drugs as "crack." Supp.Resp. Ex. 1 at 16, 20. At the same hearing, before Magistrate Judge Smith, Petties conceded that the Government's offer of proof for trial of proof was true. Id. at 23. Therefore, even if this claim were also not waived as a result of the plea agreement, the Government would have met the necessary burden in proving that the drugs involved were "crack" cocaine for sentencing purposes. Accordingly, relief on this claim should be denied.

**Fifth Claim**

23. Petitioner challenges the use of a prior conviction "that had not become final" to enhance his sentence five extra points under § 4A1.1(a) and (b). Petties' criminal history was calculated to a Category 4, based on a 1996 conviction for Voluntary Manslaughter and Attempt to Commit Murder for which Petitioner received a sentence of 17 years imprisonment. Resp., Ex. D; PSR ¶ 87. Because that conviction was on appeal at the time he was sentenced, Petties contends that it should not have been included in the calculations.

24. Petties' lawyer initially filed a motion for downward departure based on the fact that while Category 4 was a "technically correct scoring" of criminal history, an expected reversal of the conviction would result in a downward adjustment. He later withdrew the motion after having negotiated with the Government for an unopposed recommendation for sentencing at the lower end of the guidelines. Supp.Resp., Ex. 2 at 2-4.

25. Aside from having waived this claim pursuant to the stipulations in the plea agreement, Petitioner would not be successful even if the waiver did not apply and he brought the claim under ineffective assistance of counsel. Counsel's conduct cannot be viewed as constitutionally deficient where he bargained for a sentencing benefit for his client. Further,

9

Petties would not be able to show prejudice because he would not have prevailed on the motion for downward departure, as Judge Conway advised counsel at the sentencing hearing. Supp.Resp., Ex. 2 at 3. I note that the statute which governs criminal history calculations defines "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.1(a). Thus, defense counsel was not ineffective in failing to raise a meritless claim. U.S. v. Dixon, 1 F.3d 1080, 1084 n.5 (10th Cir. 1991), abrog. on other grds., Florida v. White, 526 U.S. 559, 119 S.Ct. 1555 ( May 17, 1999).

26. Petitioner concedes the validity of the conviction, but challenges its use because it had been on appeal. However, under § 4A1.2(1), "[p]rior sentences under appeal are counted except as expressly provided . . .". Nor does Petties contend that his conviction was overturned, which he would need to show in order for his claim to have any substantive merit. Cmp., U.S. v. Tum-Perez, (Table, text in Westlaw), 1998 WL 568335 (10th Cir.(Utah)) (attached as Ex. B to Response) (if defendant succeeds in efforts to overturn conviction, he may reapply "to reopen any sentence enhanced by the prior conviction"). Accordingly, relief should be denied for this claim.

## Recommendation

I recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 be DENIED and that this cause be DISMISSED WITH PREJUDICE in its entirety. Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of

the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                                     /s/ [signature]
                                          UNITED STATES MAGISTRATE JUDGE