IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THEOMAS RHODES,**

Movant-Defendant,

vs.　　　　　　　　　　　　　　　　　　　CIVIL NO. 01-0643 JC/DJS
　　　　　　　　　　　　　　　　　　　　　Criminal No. 97-638 JC

**UNITED STATES OF AMERICA,**

Respondent-Plaintiff.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255.

2. Movant challenges the sentence imposed upon him pursuant to a plea of guilty to Count One of an eighteen-count indictment. The instant Motion was filed after Movant perfected an unsuccessful direct appeal of his conviction on drug charges. Specifically, Movant was convicted of violating 21 U.S.C §846, 21 U.S.C. §841(a)(1), and 21 U.S.C. §841(b)(1)(A). Those statutes proscribe conspiracy to possess with intent to distribute cocaine base, commonly referred to as

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1



"crack", and possessing with intent to distribute that substance. Movant's plea resulted in his incarceration at the Federal Correctional Institution at Florence, Colorado where he is currently serving the two hundred ten (210) month sentence imposed. During the pendency of the charges lodged against him Movant had the benefit of the assistance of two attorneys, one who represented him during the pretrial stages and during the plea proceeding, the other during matters occasioned by sentencing. Not surprisingly, Movant finds fault with each of them. If Movant did not challenge their performance, he could not collaterally attack his conviction. All other avenues of review are now foreclosed to him.[2]

3. Movant challenges the performance of pre-trial counsel on a number of grounds. First, he says that counsel failed to investigate the prior criminal history of a government witness. Second, he contends that counsel failed to investigate the elements of the indictment, which, if done, might have led to a motion to dismiss the charge because false or misleading information may have been given to the Grand Jury in light of "Amendment 487". Subsumed in Movant's challenge to his pre-trial counsel's performance regarding Amendment 487 to the Sentencing Guidelines is the claim that the prosecution did not prove that the substance involved in this case was prepared in such a way as to trigger the sentence enhancement associated with "crack" cocaine. Third, Movant alleges that counsel failed to investigate or provide discovery material such as a "copy of all warrants issued by state and federal authority as laid out in the Rules of Criminal Procedure Rule 16." Movant's fourth criticism of the performance of his pre-trial counsel alleges she failed to adequately consult with him. Finally, Movant claims he was denied effective assistance of counsel because his post-plea counsel failed to raise the objections to the pre-sentence report suggested by Movant.

---

[2]Movant took a direct appeal from the sentence imposed. That action met with no success as reported in the unpublished opinion at 221 F.3d 1353 (10th Cir. 2000).

4. Movant's ineffective of assistance of counsel claims must be evaluated in the light of the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires him to show that his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-688, 694. In the context of a guilty plea, Movant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Movant does not describe any act or omission by counsel which can be analyzed by the Court in light of Strickland and Hill. One must speculate where the errors of counsel are hidden in the record, since none are apparent. Although a *pro se* litigant's pleadings must be construed liberally, he is not relieved of the burden of alleging sufficient facts on which a recognized legal claim could be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). In support of his claims of ineffective assistance of counsel Movant offers only speculation and conclusions, without supporting facts.

5. Movant insists that his counsel should have conducted an investigation into the prior criminal history of a witness, but he does not identify the witness or reveal how any investigation would have led to the filing of a successful motion to suppress. It appears that Movant believes that the person to whom he refers was on federal probation and in cooperating with authorities somehow violated that probation. The petition suggests that 18 U.S.C. §3563 (b) (18) and (20) furnish insight to his allegation. These sections of statute refer to the requirement that a probationer report contacts with law enforcement and secondly that a probationer must comply with any court order requiring the payment of child support. This nonsensical argument fails to recognize that the statute cited

3

imposes a requirement on the probationer, but creates no rights for one in Movant's position. Thus, counsel's failure to pursue the suggested investigation could not be considered ineffective assistance. Counsel is not required to pursue a meritless issue. See United States v. Dixon, 1 F.3d 1080, 1084 n.5 (10th Cir. 1993). Insofar as this assertion of ineffectiveness seeks to allege that the person alluded to is a missing witness, Movant is entitled to no relief. A *habeas* court cannot begin to apply Strickland's standards to a missing witness claim unless the Petitioner makes a specific, affirmative showing as to what the missing evidence or testimony would have been. United States v. Lane, 926 F.2d 694, 701 (10th Cir. 1991) cert. denied, 502 U.S. 1116 (1992).

6. Movant also contends that pre-trial counsel was ineffective because she did not investigate the "material elements" of the indictment and failed to investigate all warrants issued pursuant to Rule 16 of the Rules of Criminal Procedure. This claim offers no clue as to what information such an investigation would reveal or how it would have produced a different result with respect to Movant's decision to plead guilty. Movant has not identified any exculpatory or impeaching evidence that this investigation would have yielded. To satisfy the prejudice prong of the Strickland test for ineffective assistance of counsel, a defendant must specifically show what beneficial evidence an "adequate" investigation would have produced. Hendricks v. Calderon, 70 F.3d 1032, 1042 (9th Cir.1995); United States v. Ashimi, 932 F.2d 643, 649 (7th Cir.1991). Simply speculating that investigation might have resulted in something useful will not suffice. In raising the claim that his counsel failed to investigate, Movant neglects to refer to the record. At the sentencing hearing his counsel testified that she had hired an investigator because she wanted to investigate every possible aspect of the case because of the severe penalties associated with the charge. (Transcript of Sentencing, March 30, 1999, pp.10-15).

4

7. Movant's alleged failure of counsel to consult is subject to the same infirmity. Movant makes the bald assertion of the failure to communicate but offers no specifics, nor does he suggest how he was prejudiced by counsel's failure.

7. As noted previously, Movant asserts that his pre-trial counsel was ineffective because she failed to advise him of the provisions of Amendment 487 to the Sentencing Guidelines, Section USSG 2d1.1(c).[3] Movant reads Amendment 487 as requiring the prosecution to prove that the "crack" involved in his case was made utilizing sodium bicarbonate. His view does not raise an issue of first impression and of course that view has never carried the day for a criminal defendant in the circumstances at issue in this case. In <u>United States v.Brooks</u>, 161 F.3d 1240 (10th Cir.1998) the Tenth Circuit Court of Appeals disposed of such an argument by saying that the mention of sodium bicarbonate in U.S.S.G. 2D1.1 was as an example of a substance "usually" contained in cocaine base. As a consequence the Court rejected the argument that for purposes of Amendment 487 only cocaine base containing sodium bicarbonate is "crack." <u>Brooks</u>, 161 F.3d at 1248-49. Counsel can not be faulted for failing to give advice founded on an incorrect statement of the of the law. Further, Movant cannot suggest that there was an absence of proof that the substance charged in the indictment was "crack", as he admitted during his change of plea that he had conspired to traffic in "crack" cocaine. (Transcript of Plea Hearing, May 14, 1998, pp.13-17). At his sentencing hearing he likewise admitted to such acts. (Transcript of Sentencing, March 30, 1999 pp. 28, 38, 41, 49, 50). At that same hearing Movant's companion admitted that she had helped him deliver "crack" cocaine,

---

[3]Effective November 1, 1993 §USSG 2D1.1(c) was amended to read: " 'cocaine base', for purposes of this guideline, means 'crack'. 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride [powdered cocaine] and sodium bicarbonate, and usually appearing in lumpy, rocklike form."

a substance with which she was familiar (Tr. March 30, 1999 p. 63). Having admitted that the substance described in the indictment was "crack", Movant is foreclosed from alleging that his counsel was ineffective for failing to require the prosecution to prove that the substance involved was "crack" and not cocaine powder. In light of his admissions the prosecution is relieved of its burden of showing that the substance involved was "crack". See United States v. Gray, 182 F.3d 762, 767 (10th Cir. 1999).

8. Movant's claim regarding proof that the substance he was transporting was "crack" must be denied for yet another reason. It has long been the law that a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. United States v. Broce, 488 U.S. 563, 569 (1989). Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose any collateral attack. The opinion issued on direct appeal in this case makes clear that Movant's plea was both counseled and voluntary.

9. Movant concludes that he is entitled to be relief because the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000) was violated because the sentencing Court enhanced his sentence on factors not charged in the indictment and not submitted to a jury. In Apprendi, the Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum, must be submitted to a jury. Apprendi, 530 U.S. at 490. The statutory maxim sentence provided for the offense to which Movant pleaded is life imprisonment. 21 U.S.C. §841 (b)(1)(A). Movant was sentenced to two hundred ten (210) months

imprisonment. Accordingly, his sentence cannot have been unconstitutional under Apprendi. Since the filing of this litigation it has become clear that arguments such as those advanced by Movant must fail. In United States v. Sullivan, 242 F.3d 1248 (10th Cir. 2001) the Tenth Circuit Court of Appeals agreed with other circuits holding that "Apprendi does not apply to sentencing factors that increase a defendant's guideline range but do not increase the statutory maximum." Sullivan, 242 U.S. at 1256-57 (citing cases); See also, United States v. Eaton, 260 F.3d 1232, 1239 (10th Cir. 2001).

10. Lastly, Movant challenges the performance of his sentencing counsel for failing to register the appropriate objections to the pre-sentence report prepared in his case. Movant does not say which objections counsel failed to make, nor does he say that he enumerated to counsel the objections he wanted made. The frivolousness of this issue is made clear by the objections made by Movant now, after the fact. For example, Movant objects to paragraphs 46-54 of the pre-sentence report. These paragraphs simply recite overt acts contained in the indictment to which Movant entered a plea. It is to late to challenge the indictment and has been since the guilty plea. See Broce, 488 U.S. at 569. In any event, counsel filed objections to the pre-sentence report and specifically challenged the drug quantity findings reported therein. Review of the record makes clear that sentencing counsel performed ably.

11. Movant has failed to present any evidence to support his claims. Although a *pro se* litigant's pleadings should be construed liberally, he is not relieved of the burden of alleging sufficient facts on which a recognized legal claim could be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Although he contends that he should be afforded an evidentiary hearing on the issues he has raised in his motion, a district court is not required to hold an evidentiary hearing

under 28 U.S.C § 2255 when the files and records show conclusively that the movant is entitled to no relief. See United States v. Marr, 856 F. 2d 1471, 1472 (10th Cir. 1988); Eskridge v. United States, 443 F.2d 440, 443 (10th Cir.1971)

**RECOMMENDED DISPOSITION:**

That the Motion be denied and this matter be dismissed with prejudice.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE